IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **RAFAEL REYES-VILLARINI**,<br>    Plaintiff,<br><br>            v.<br><br>**COMMISSIONER OF SOCIAL SECURITY,**<br>    Defendant. | CIV. NO. 21-1614 (MDM) |

# JUDGMENT

Rafael Reyes-Villarini ("plaintiff") sought judicial review of the denial of his application for disability insurance benefits by the Commissioner of the Social Security Administration (the "Commissioner"). Pending before the Court is plaintiff's motion requesting that the Commissioner's decision denying his disability insurance benefits be vacated and the case remanded for a new determination on his alleged disability. (Docket No. 21). In this case, the parties have consented to the entry of final judgment by a United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal being directed to the Court of Appeals for the First Circuit.

For the reasons announced on the record during oral argument, as well as those set forth below, plaintiff's motion is **DENIED**, and the Commissioner's decision is **AFFIRMED**.

## I. Administrative and Procedural Background

On May 25, 2018, plaintiff protectively applied for Title II social security disability benefits, alleging disability since April 23, 2016. Plaintiff's application was denied initially and then again upon reconsideration. Plaintiff subsequently requested a hearing before an administrative law

judge ("ALJ"). Two hearings were held: the first on June 9, 2020, and the second on September 22, 2020. On September 30, 2020, the ALJ issued a decision denying plaintiff's application for disability insurance benefits, finding that plaintiff was not disabled as defined by the Social Security Act. Plaintiff appealed that decision to the Appeals Council. The Appeals Council denied his request for review, thus making the ALJ's decision the final decision of the Commissioner.

Plaintiff subsequently sought judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) by filing the above-captioned complaint. He also filed a memorandum of law in support of his allegation that the ALJ's decision was not based on substantial evidence as required by 42 U.S.C. § 405(g) and that the Commissioner erred in determining that he was not entitled to disability insurance benefits. In response, the Commissioner filed a memorandum of law requesting that the Court affirm its prior decision because substantial evidence supports the determination that plaintiff was not disabled within the meaning of the Social Security Act (the "Act") during the relevant period. The Court scheduled the case for oral argument. Oral argument was held on January 24, 2023.

To be entitled to disability insurance benefits, an individual must demonstrate that he has a disability that began while he was insured as defined in the Act. *See* 42 U.S.C. §§ 423(a)(1)(A), 423(c)(1).

## II.     Standard of Review

Judicial review of Social Security administrative determinations is authorized by 42 U.S.C. § 405(g). The court's function is limited to determining whether the Commissioner's decision is supported by substantial evidence. *Id*. "Substantial evidence means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Visiting Nurse Ass'n Gregoria Auffant, Inc. v. Thompson*, 447 F.3d 68, 72 (1st Cir. 2006) (quoting *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971)). Substantial evidence, in turn, is evidence that "a reasonable mind . . . could accept . . . as adequate to support [a] conclusion." *Purdy v. Berryhill*, 887 F.3d 7, 13 (1st Cir. 2018) (quoting *Rodríguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981)). As the United States Supreme Court recently explained in *Biestek v. Berryhill*:

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. *T-Mobile South, LLC v. Roswell*, 574 U.S. ——, ——, 135 S. Ct. 808, 815, 190 L.Ed.2d 679 (2015). Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938) (emphasis deleted). And whatever the meaning of "substantial" in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is "more than a mere scintilla." *Ibid*; *see, e.g., Perales*, 402 U.S. at 401, 91 S. Ct. 1420 (internal quotation marks omitted). It means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison*, 305 U.S. at 229, 59 S. Ct. 206. *See, Dickinson v. Zurko*, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999) (comparing the substantial-evidence standard to the deferential clearly-erroneous standard).

*Biestek v. Berryhill*, 203 L. Ed. 2d 504, 139 S. Ct. 1148, 1154 (2019). Thus, even if the record could justify a different conclusion, the court must affirm the Commissioner's findings so long as they are supported by substantial evidence. *Evangelista v. Sec'y of Health and Human Servs.*, 826 F.2d 136, 144 (1st Cir. 1987) (quoting *Rodríguez Pagán v. Secr'y of Health and Human Servs.*, 819 F.2d 1, 3 (1st Cir. 1987)).

That is to say that where the court finds that there is substantial

evidence supporting the Commissioner's decision, it must be upheld, even if there is also substantial evidence for the plaintiff's position. 20 C.F.R. § 404.1546(c). *See, Rodríguez Pagán*, 819 F.2d at 3 (courts "must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence.") Absent a legal or factual error in the evaluation of a claim, moreover, the court must uphold a denial of Social Security disability benefits. *Manso-Pizarro v. Sec'y of Health and Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).

In reviewing the record for substantial evidence, courts must keep in mind that "(i)ssues of credibility and the drawing of permissible inferences from evidentiary facts are the prime responsibility of the [Commissioner]," and "the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for [him], not for the doctors or for the courts." *Id.* (internal quotation marks omitted). *Purdy v. Berryhill*, 887 F.3d 7, 13 (1st Cir. 2018). As such, courts will not second-guess the Commissioner's resolution of conflicting evidence. *See, Irlanda Ortíz v. Sec'y of Health and Human Serv.*, 955 F.2d 765, 769 (1st Cir. 1991). After reviewing the pleadings and record transcript, the court has the power to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner." 42 U.S.C. § 405(g).

### III. The Decision

In this case, plaintiff challenges the ALJ's decision by advancing two primary claims of error. First, the plaintiff complains that the ALJ did not properly assess his mental conditions and related limitations. Second, the plaintiff claims that the ALJ erred in resolving contradictory Vocational Expert testimony at step five of the sequential evaluation. Ultimately, the Court must decide whether substantial evidence supports the ALJ's decision that plaintiff was not disabled within the meaning of the Act during the relevant period.

After careful consideration of the pleadings, the record transcript, the applicable law, and having heard from the parties during oral argument, for the reasons announced by the Court on the record, the Court makes the following findings.

Beginning with the <u>first claim of error</u>, plaintiff argues that the ALJ did not properly assess his mental limitations. This argument is twofold so, the Court will address each separately.

<u>First</u>, plaintiff claims that the ALJ erred at step three of the sequential evaluation by finding that his mental impairments did not satisfy an impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P. More specifically, plaintiff takes issue with the ALJ's determination that his mental limitations did not satisfy the "B" Criteria with respect to Listing 12.04, which covers depressive, bipolar, and other related disorders. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.04. At step three, the plaintiff has the burden to show that his impairments meet or equal the criteria of an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does *not* qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis added); *see* 20 C.F.R. § 404.1525(c)(3).

At the outset, the Court finds that the ALJ in this case appropriately considered plaintiff's mental impairments at step three, including his depressive disorder, anxiety, and related symptoms. Additionally, the ALJ fully and appropriately assessed whether plaintiff's mental impairments met or equaled the requirements for Listing 12.04. Plaintiff does not dispute that the ALJ applied the correct Listing, i.e., 12.04, nevertheless, he unavailingly claims that the ALJ "should have" found that he has more than moderate limitations due to the seriousness of his depressive disorder and anxiety. To

support that proposition plaintiff points to the fact that he had two hospitalizations despite him taking his pharmacological medicine, he also notes the seriousness of his prescribed treatment, which included anti-psychotic medication, and the fact that he attended therapy during the period in question.

At step three of the sequential evaluation, the plaintiff carries the burden of establishing *every* element of the specified criteria in order to meet a specific listing. *Bowen*, 482 U.S. at 146 n.5; *Freeman v. Barnhart*, 274 F.3d 606, 608 (1st Cir. 2001) (Plaintiff bears the burden of proof that he meets a given listing). Here, plaintiff failed to show that his mental impairments satisfied the "B" Criteria, namely, that he had an extreme limitation in one area of mental functioning, or a marked limitation in two areas. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.04; *see also Sullivan*, 493 U.S. at 530; *Dudley v. Sec'y of Health & Hum. Servs.*, 816 F.2d 792, 793 (1st Cir. 1987); 20 C.F.R. § 404.1525(c)(3). Instead, citing much of the same evidence that the ALJ had specifically considered, plaintiff proclaims that he had "more than 'mild' problems interacting with others, with memory and judgment." Plaintiff's conclusory argument that the ALJ "should have" found more limitations on its face neither alleges nor demonstrates that he had an extreme limitation in one area of mental functioning, or a marked limitation in two areas. Plaintiff therefore did not meet his burden. Furthermore, plaintiff does not argue that his impairments satisfied the "C" Criteria so, no error has been raised with respect to the ALJ's determination thereof.

In sum, while the plaintiff pointed to selective portions of the record to show that his mental impairments allegedly warranted more limitations than those found by the ALJ at step three, he fell short of demonstrating that he met all the required criteria to support a finding that his mental impairments, singularly, or in combination, satisfy Listing 12.04.

In addition to the above, as the Commissioner correctly points out,

State Agency Psychiatric Consultant Dr. Carlos Jusino-Berríos, and State Agency Psychological Consultant Dr. Wanda Machado, reviewed the record in this case and opined that plaintiff had *no more* than moderate limitations in the "B" Criteria and that the evidence did *not* establish the presence of the "C" Criteria. The assessments of these physicians corroborate the ALJ's finding that plaintiff had at most moderate limitations in the "B" Criteria and that his mental impairments did not satisfy the "C" Criteria. As such, substantial evidence supports the ALJ's step three finding that plaintiff's mental impairments did not satisfy the requirements of Listing 12.04.

Ultimately, even if there was conflicting evidence in the record as to the degree of plaintiff's mental limitations in some of the relevant functional areas analyzed in the decision, in such circumstances, it is the responsibility of the ALJ (not the Court) to resolve any potential conflict in the evidence. Courts are required to affirm the ALJ's determination so long as it is supported by substantial evidence. *See Rodríguez Pagán*, 819 F.2d at 3. This is one of those cases. Because there is substantial evidence in the record to support the ALJ's findings at step three, they must be upheld. *Irlanda Ortíz*, 955 F.2d at 769 (holding that a court "must uphold the [Commissioner's] findings . . . if a reasonable mind, reviewing the evidence as a whole, could accept it as adequate to support his conclusion.") (quoting *Rodríguez*, 647 F.2d at 222.)

Moving on to the second part of plaintiff's first claim of error, plaintiff maintains that the ALJ did not adequately consider his mental impairments in the residual functional capacity ("RFC") determination and did not correctly assess the effects that such impairments have on his ultimate ability to perform work. More precisely, plaintiff challenges the ALJ's RFC determination by claiming that the ALJ was required to provide a more detailed assessment and explanation of plaintiff's mental conditions and limitations. The Court finds no error in the ALJ's assessment of plaintiff's

RFC or his mental limitations as a whole.

The plaintiff has the burden to demonstrate RFC limitations that would preclude any substantial gainful activity. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1545(a)(3) ("In general, you are responsible for providing the evidence we will use to make a finding about your residual functional capacity."); *see also Bowen*, 482 U.S. at 146 n.5. The Court finds that plaintiff has not met his burden of proving that his mental conditions required the ALJ to impose further restriction in terms of his ability to perform work-related activities.[1]

In contrast to plaintiff's position, the ALJ properly assessed his RFC based on the ALJ's consideration of all relevant evidence of record, including plaintiff's objective evidence and the opinions and medical findings of record. *See* 20 C.F.R. § 404.1545(a); *Purdy*, 887 F.3d at 14. The ALJ also fully considered, and properly weighed, plaintiff's mental impairments and related limitations when determining his RFC. Moreover, the ALJ adequately considered plaintiff's reported symptoms, clearly acknowledged his pharmacological treatment, and in view of such considerations, assessed an RFC that is supported by substantial evidence. More precisely, the ALJ properly acknowledged plaintiff's mental health treatment history and explained in the decision that he was "persuaded by the opinion that the claimant's mental impairment is severe, limiting him to unskilled work." (*See* Tr. at page 31.) Additionally, in determining that plaintiff retained the mental RFC to perform a restricted range of work that involved simple instructions, simple changes, occasional interaction with the public, and frequent interaction with co-workers and supervisors, the ALJ properly relied

---

[1] Plaintiff did not satisfy his burden of demonstrating that his condition resulted in greater limitations than those included in the RFC determination. 42 U.S.C. § 405(g) ("An individual shall not be considered to be under a disability unless [he] furnishes such medical and other evidence of the existence thereof as the [ALJ] may require."); *see Gordlis v. Sec'y of Health and Human Servs.*, 921 F.2d 327, 328-29 (1st Cir. 1990)).

on the prior administrative medical findings of two (2) State Agency Consultants. Both State Agency Consultants identified mental limitations for the plaintiff, which the ALJ specifically incorporated into the plaintiff's RFC. To that effect, Dr. Jusino-Berríos and Dr. Machado reviewed the available evidence of record, and overall, both doctors found that plaintiff had no more than moderate limitations in any area of mental functioning. The ALJ properly incorporated the assessed limitations of these two consultants into the RFC finding, as they were supported by, and consistent with, the overall record. *See* 20 C.F.R. § 404.1513a(b)(1); *see also* 20 C.F.R. § 404.1520c(b)(2).

Though the plaintiff may disagree with the ALJ's RFC determination, it is the ALJ's responsibility, not that of the reviewing Court, to evaluate a claimant's allegations regarding his symptoms and to draw inferences from the record evidence. *See Irlanda Ortíz*, 955 F.2d at 769. In the same vein, an ALJ is free to "piece together the relevant medical facts from the findings and opinions of multiple physicians." *Evangelista*, 826 F.2d at 144 ("the notion that there must always be some super-evaluator, a single physician who gives the factfinder an overview of the entire case—is unsupported by the statutory scheme, or by the caselaw, or by common sense, for that matter"); *see also Purdy v. Berryhill*, 887 F.3d 7, 14 (1st Cir. 2018) ("An applicant's residual functional capacity is, after all, an administrative finding reserved to the Commissioner.").

Plaintiff's claim of error strikes the Court as a mere disagreement with the ALJ's interpretation of the evidence considered. While plaintiff would have preferred the ALJ to find further mental limitations in his RFC, weighing the evidence is the ALJ's prerogative, and, on this record, the Court finds that the ALJ appropriately considered the overall evidence in his analysis of plaintiff's mental conditions and in determining his RFC. As such, the Court must adhere to the deferential standard long established by the courts in reviewing the Commissioner's administrative determinations. *See*

*Evangelista*, 826 F.2d at 144 (the court must affirm the Commissioner's findings when they are supported by substantial evidence); *see also* 42 U.S.C. § 405(g). In sum, the Court finds that the ALJ's RFC determination is free from legal error and supported by substantial evidence.

The Court now addresses the second and final claim of error. Plaintiff argues that the ALJ erred in resolving contradictory Vocational Expert ("VE") testimony at step five of the sequential evaluation. At step five, the Commissioner "has the burden of proving the existence of other jobs in the national economy that the claimant can perform." *Ortíz v. Sec'y of Health & Hum. Servs.*, 890 F.2d 520, 524 (1st Cir. 1989).

In this case, for reasons not explained in the ALJ's decision, there were two administrative hearings and two different VE's testified at each, to wit, VE Brenda Richardson and VE Tania Shullo. Plaintiff's chief complaint is that one of the hypothetical questions posed to VE Shullo in the second administrative hearing did not include the RFC limitation regarding "understanding, remembering, and executing simple one or two-step instructions." Plaintiff thus criticizes the ALJ for posing an incomplete hypothetical to VE Shullo. In the ALJ's analysis at step five, the decision appears to refer only to VE Shullo's testimony and plaintiff argues that VE Shullo's testimony cannot constitute substantial evidence to support the ALJ's step five determination. While the Court agrees with the plaintiff that the record in this case is somewhat "messy," and it is unclear why there was a second hearing, the Court finds no legal error in the ALJ's step five determination.

Here, after relying on credible VE testimony, the ALJ met his burden at step five by identifying three unskilled jobs that plaintiff could perform given his RFC—dryer attendant, cleaner, and washer. *See* 20 C.F.R. § 404.1566(e). The Court goes further. To the extent that there is some inconsistency in the VE testimonies, the conflict pertains *only* to the jobs of

cleaner and washer (which are defined in the Dictionary of Occupational Titles ("DOT") as reasoning level two). Both VE's, however, *agreed* that plaintiff was capable of performing the job of drier attendant (which is defined in the DOT as reasoning level one). Because *one* occupation with jobs that exist in significant numbers is sufficient, any alleged error in this regard is deemed to be harmless. *See* 20 C.F.R. § 404.1566(b) ("Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications."); *Muñoz Cintron v. Comm'r of Soc. Sec.*, Civ. No. 19-1526-MEL, 2021 WL 840905, at *4 (D.P.R. Mar. 5, 2021) ("[T]he mere fact that the ALJ identified only *one* occupation that plaintiff can perform does *not* constitute a ground for remand.") (citing *Bavaro v. Astrue*, 413 F. App'x. 382, 384 (2d Cir. 2011) ("The Commissioner *need show only one job* existing in the national economy that [plaintiff] can perform.")).

Accordingly, the result of any conflicting VE testimony is inconsequential because, in the present case, the ALJ met his burden at step five by showing that jobs existed in significant numbers in the national economy that plaintiff could perform. *See* 20 C.F.R. § 404.1566(e); *See Ortíz*, 890 F.2d at 524.

To conclude, the Court finds that the Commissioner properly evaluated and considered the entire record of this case and finds that its decision is free from legal error and supported by substantial evidence. The Commissioner's decision is therefore **AFFIRMED**. *See Irlanda Ortíz*, 955 F.2d at 769 (holding that a court "must uphold the [Commissioner's] findings . . . if a reasonable mind, reviewing the evidence as a whole, could accept it as adequate to support his conclusion.") (quoting *Rodríguez*, 647 F.2d at 222.)

**IT IS SO ORDERED AND ADJUDGED.**

In San Juan, Puerto Rico, this 24th day of February 2023.

_____
MARSHAL D. MORGAN
United States Magistrate Judge